IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD RAY EPHRAIM, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0214 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**
**FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

Petitioner DONALD RAY EPHRAIM,[1] a state prisoner confined in the Clements Unit of the Texas Department of Criminal Justice in Potter County, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus challenging the November 21, 2006 revocation of his parole in Gregg County, Texas. At the time he filed this habeas application, petitioner was confined pursuant to 99-year sentence for his March 15, 1988 conviction for the offense of attempted capital murder, and a 4-year sentence for his November 10, 2006 conviction for the offense of intoxication assault.[2]

---

[1] Petitioner's last name is entered as "Ephrian" on the online Offender Information Search of the Texas Department of Criminal Justice.

[2] Petitioner's November 10, 2006 conviction for intoxication assault was based on an offense date of April 17, 2005. His conviction was affirmed on appeal on October 24, 2007. *Ephraim v. State*, No. 06-07-00030-CR. On November 27, 2007 and January 7, 2008, petitioner sought, and received, from the Texas Court of Criminal Appeals, extensions of time to file a petition for discretionary review seeking review of the intermediate appellate court's decision affirming his intoxication assault conviction. On December 12, 2007, petitioner filed a motion for production of records with the Texas Court of Criminal Appeals, which that court denied on December 13, 2007. On January 16, 2008, petitioner filed a petition for discretionary review with the Court of Appeals for the Sixth District of Texas. On January 25, 2008 the Texas Court of Criminal Appeals received the petition and, on April 30, 2008, that court refused the petition for discretionary review, with final disposition being entered May 30, 2008. *Ephraim v. State*, No. PD-1715-07.

On March 18, 2009, this Court issued a Briefing Order directing petitioner to advise the Court as to whether he had filed, with the Gregg County District Clerk or with the Texas Court of Criminal Appeals, a petition for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure challenging the revocation of his parole. If petitioner had, in fact, filed such a petition, petitioner was to advise the Court of the date the petition was filed and the date it was denied. Petitioner was also instructed to advise the Court whether his November 10, 2006 conviction for intoxication assault was a basis for the revocation of his parole.

On March 31, 2009, petitioner filed a response[3] wherein he averred that on or before November 21, 2007 he filed, in the Texas Court of Criminal Appeals, an 11.07 application for a writ of habeas corpus challenging the November 21, 2006 revocation of his parole. Petitioner further averred that on December 7, 2007 a court clerk advised petitioner "nothing" had, in fact, been filed in the Court of Criminal Appeals on petitioner's behalf and that she was returning documents petitioner had sent to the Court for filing.

Petitioner further advised that on August 1, 2008, in response to another pleading petitioner attempted to file with the Texas Court of Criminal Appeals, the clerk of that court again advised petitioner he did not have any case pending in that Court. The clerk advised petitioner that if it was his intention to file a writ of habeas corpus, he should proceed through the district clerk of his county of conviction, and advised petitioner of the proper procedure to file a state writ of habeas corpus and the process by which the application would be transmitted to the Court of Criminal Appeals. Petitioner also appears to argue he has sufficiently exhausted his state court remedies by filing a state habeas corpus petition challenging the revocation of his parole, and that proof of his

---

[3]On March 31, 2009 petitioner's response was unfiled as deficient for no signature of the party proceeding pro se. Petitioner did not resubmit his response but, instead, filed pleadings objecting to the Order unfiling the response.

filing of his state habeas corpus petition will be at the Clements Unit mail room. Petitioner did not attach any documentation supporting any of his assertions.

In his response to the Briefing Order, petitioner averred the basis for the revocation of his parole was never given, although the Parole Division alleged a series of release condition violations. By his habeas application, petitioner alleges similar claims, to wit: (1) he was not given notice of any of the alleged violations from April 12, 2006 to November 13, 2006, and (2) that he was denied notice of his right to a preliminary revocation hearing from April 12, 2006 to November 13, 2006.

## EXHAUSTION

Parole is a form of restraint which allows a Texas parolee to pursue the remedies afforded under article 11.07 of the Texas Code of Criminal Procedure. *Board of Pardons & Paroles ex rel. Keene v. Courtof Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995). A claim that parole or other form of administrative release has been unlawfully revoked must first be raised in the convicting court by filing, with the clerk of that court, a state application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *Id.* After filing the application with the convicting court, the State is provided an opportunity to answer the claims raised in the petitioner's application. Tex. Code Crim. Proc. § 3(b). Thereafter, after deciding there are no controverted, unresolved facts material to the legality of the petitioner's confinement or after entering findings of fact, the convicting court immediately transmits the application to the Texas Court of Criminal Appeals. *Id.* at § 3(c), (d). The Court of Criminal Appeals may deny relief, remand the petitioner to custody or order his release. *Id.* at § 5. The Texas Court of Criminal Appeals will hear challenges to parole revocation proceedings only by way of article 11.07 post

conviction habeas corpus proceedings and has the exclusive authority to grant relief in such proceedings. *Keene*, 910 S.W.2d at 483-84.

Petitioner has been provided an opportunity to show he has adequately presented his claims of an unlawful parole revocation to the Texas Court of Criminal Appeals by way of an 11.07 state habeas corpus petition presented first to the district court which convicted and sentenced petitioner on the case on which he was paroled and his parole subsequently revoked. Petitioner has failed to show he adequately presented his claims to the state courts. Review of the Texas Court of Criminal Appeals online website does not reflect any state habeas corpus petition having been filed by petitioner as he claims. Petitioner has not submitted to this Court a copy of the purported state habeas application challenging his parole revocation, nor has he submitted any evidence supporting his claim that he submitted any state habeas application to the appropriate state court. Petitioner's filings with the Texas Court of Criminal Appeals and the Gregg County District Court appear to have been directed at his intoxication assault conviction. It appears petitioner failed to properly file a state habeas action challenging his parole revocation despite the Texas Court of Criminal Appeals clerk advising petitioner he did not have a state habeas action pending in that court and instructing petitioner of the proper method to file such a petition, *i.e.*, with the district court. Even if this Court were to obtain evidence from the Clements Unit mailroom indicating petitioner mailed an unidentified document from the Clements Unit to the Texas Court of Criminal Appeals, such evidence is not adequate proof that petitioner timely and properly filed a state habeas petition with his county of conviction raising the grounds he is attempting to raise in this federal proceeding. Neither the Gregg County District Court's docket sheet, nor the Texas Court of Criminal Appeal's website, nor petitioner's pleadings, reflect petitioner has properly presented his claims challenging the revocation of his parole pursuant to an 11.07 habeas petition to the Texas Court of Criminal

Appeals, or that the state courts have had any opportunity to review petitioner's claims. Consequently, absent any evidence that petitioner properly initiated a state habeas corpus proceeding challenging the revocation of his parole, this Court must find petitioner's claims have not been exhausted. Petitioner's federal habeas petition is subject to summary dismissal for failure to exhaust.

It is the opinion of the undersigned that petitioner has not exhausted his state court remedies through state habeas corpus. Accordingly, as the record now exists, it is the opinion of the Magistrate Judge that the petition should be dismissed for failure to exhaust the remedies available in the courts of the State. *See* 28 U.S.C. § 2254(b), (c).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner DONALD RAY EPHRAIM be DISMISSED for failure to exhaust.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of August, 2011.

_/s/ Clinton E. Averitte_
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).